Carter, a.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

CHAILE STEINBERG, Individually and on
Behalf of All Others Similarly Situated,

                Plaintiff,

    v.

MULTI PACKAGING SOLUTIONS
INTERNATIONAL LIMITED, MARC
SHORE, ZEINA BAIN, GEORGE BAYLY,
RICHARD H. COPANS, ERIC KUMP,
GARY MCGANN, THOMAS S. SOULELES,
JASON TYLER, WESTROCK COMPANY, and
WRK MERGER SUB LIMITED,

                Defendants.

Case No. 1:17-cv-01510-ALC

## STIPULATION TO DISMISS ACTION AS MOOT AND RETAINING JURISDICTION TO DETERMINE PLAINTIFF'S COUNSEL'S ANTICIPATED APPLICATION FOR FEES AND EXPENSES

**WHEREAS**, on February 28, 2017, Plaintiff Chaile Steinberg ("Plaintiff") filed a putative Class Action Complaint for Violation of the Securities Exchange Act of 1934 (the "Complaint") in the above-captioned action (the "Action");

**WHEREAS**, the Complaint includes claims against defendants Multi Packaging Solutions International Limited ("MPS" or the "Company"), WestRock Company ("WestRock"), WRK Merger Sub Limited ("WRK"), and the members of the Company's Board of Directors (collectively with MPS, WestRock, and WRK, the "Defendants") under Sections 14(a) and 20(a) of the Securities and Exchange Act of 1934 and Rule 14a-9 promulgated thereunder with respect to certain public disclosures made by MPS in the preliminary proxy statement filed with the United States Securities and Exchange Commission (the "SEC") on or around February 17, 2017

(the "Preliminary Proxy Statement") in connection with the proposed acquisition of MPS by WestRock (the "Proposed Transaction");

**WHEREAS**, on or around March 3, 2017, MPS filed with the SEC a definitive proxy statement in connection with the Proposed Transaction;

**WHEREAS**, counsel for the parties engaged in arm's-length negotiations to attempt to resolve the claims raised in the Complaint;

**WHEREAS**, on March 16, 2017, the parties agreed upon a draft of supplemental disclosures related to the Proposed Transaction (the "Supplemental Disclosures"), which Plaintiff believes addressed and mooted her claims regarding the sufficiency of the disclosures in the Preliminary Proxy Statement;

**WHEREAS**, on March 21, 2017, MPS publicly filed the Supplemental Disclosures with the SEC on Form 8-K;

**WHEREAS**, on April 5, 2017, MPS shareholders met and voted to approve the Proposed Transaction;

**WHEREAS**, Plaintiff asserts that the prosecution of the Action caused MPS to file the Supplemental Disclosures with the SEC and that Plaintiff's counsel have the right to seek and recover attorneys' fees and expenses in connection with a claimed common benefit provided to MPS's shareholders as a result of the filing of the Supplemental Disclosures, and Plaintiff's counsel have informed Defendants that if their claim for fees and expenses cannot be resolved through negotiations between counsel for Plaintiff and Defendants, Plaintiff intends to petition the Court for such fees and expenses (the "Fee and Expense Application"), which Fee and Expense Application, if it becomes necessary, shall be filed in the related action captioned *Brown v. Multi Packaging Solutions International Limited, et al.*, 17-cv-01728;

**WHEREAS**, Defendants deny that the Supplemental Disclosures contained any additional material facts that were required to be disclosed and deny that any claim asserted in the Complaint is or was ever meritorious;

**WHEREAS**, all of the Defendants in this action reserve their right to oppose any potential Fee and Expense Application;

**WHEREAS**, Plaintiff believes and contends that the Supplemental Disclosures mooted the claims set forth in the Complaint, and that any remaining claims are so unlikely to be successful as to warrant dismissal;

**WHEREAS**, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff or her attorneys and no promise, understanding, or agreement to give any such compensation has been made; nor have the parties had any discussions concerning the amount of any attorneys' fees and expenses;

**WHEREAS**, Plaintiff's counsel seeks to dismiss the Complaint with prejudice as to Plaintiff and without prejudice as to unnamed members of the purported class;

**WHEREAS**, the parties intend to meet and confer concerning the amount of any attorneys' fees and expenses to be paid to Plaintiff's counsel, and, if the parties are unable to reach an agreement, the parties respectfully request that this Court retain jurisdiction over the prospective Fee and Expense Application; and

**WHEREAS**, no class has been certified in this action.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED** by the undersigned parties, through their attorneys and subject to the Court's approval, that:

1.   This action is dismissed pursuant to Federal Rule of Civil Procedure 41(a), and all claims asserted therein are dismissed with prejudice as to Plaintiff, individually, and without prejudice as to any actual or potential claims of any other putative class member.

2.   As the dismissal is with prejudice to Plaintiff only, and without prejudice as to all other members of the putative class, notice of this dismissal is not required.

3.   This Court retains jurisdiction of this action solely for the purpose of adjudicating the Fee and Expense Application, if such an application should become necessary.

4.   The parties shall meet and confer concerning Plaintiff's potential Fee and Expense Application.  To the extent that the parties are unable to reach an agreement concerning the Fee and Expense Application, they will contact the Court to set a stipulated briefing and hearing schedule for the Fee and Expense Application.  If the parties reach an agreement concerning the Fee and Expense Application, they will notify the Court.

5.    This order is entered without prejudice to any position, claim, or defense any party may assert with respect to the Fee and Expense Application or any matter related thereto, which includes the Defendants' right to challenge the basis for, as well as the amount of, the Fee and Expense Application, if necessary.

Respectfully submitted this 12th day of April, 2017.


**RIGRODSKY & LONG, P.A.**                    **ROPES & GRAY LLP**

_____                      _____
Timothy J. MacFall, Esq.                      David B. Hennes, Esq.
825 East Gate Boulevard, Suite 300            Martin J. Crisp, Esq.
Garden City, New York 11530                   1211 Avenue of the Americas
Telephone:  (516) 683-3516                    New York, New York 10036
Facsimile:  (302) 654-7530                    Telephone:  (212) 596-9000
Email:  tjm@rl-legal.com                      Facsimile:  (212) 596-9090
                                              Email:  david.hennes@ropesgray.com
Brian D. Long, Esq.                                   martin.crisp@ropesgray.com
Gina M. Serra, Esq.
2 Righter Parkway, Suite 120                  *Attorneys for Defendants Multi Packaging*
Wilmington, Delaware 19803                    *Solutions International Limited, Zeina Bain,*
Telephone: (302) 295-5310                     *George Bayly, Richard H. Copans, Eric Kump,*
Facsimile:  (302) 654-7530                    *Gary McGann, Marc Shore, Thomas S.*
Email:  bdl@rl-legal.com                      *Souleles, and Jason Tyler*
        gms@rl-legal.com

*Attorneys for Plaintiff Chaile Steinberg*    **CRAVATH, SWAINE & MOORE LLP**

                                              _____
                                              Gary A. Bornstein, Esq.
                                              Worldwide Plaza
                                              825 Eighth Avenue
                                              New York, New York 10019
                                              Telephone:  (212) 474-1000
                                              Facsimile:  (212) 474-3700
                                              Email:  gbornstein@cravath.com

                                              *Attorneys for Defendants WestRock Company*
                                              *and WRK Merger Sub Limited*

PURSUANT TO STIPULATION, IT IS SO ORDERED

_____
Honorable Andrew L. Carter, Jr.
United States District Judge

DATED: April 7, 2017